UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

IN RE:                                         )
    French Broad Place, LLC          )    Case No.: 10-10335
                                               )    Chapter 11
        Debtor                   )
_____            )

RESPONSE AND OBJECTION TO MOTION
FOR ORDER TO OBTAIN CREDIT

    **NOW COMES** the undersigned attorney for Metromont Corporation, and responds and objects to the Motion for Order to Obtain Credit filed by the Debtor's attorney, and states as follows:

    1.    That the Movant holds a second Deed of Trust on the main asset of the Estate known as the French Broad Place located in Brevard, North Carolina, and is owed a total amount in excess of $2,400,000.00 million dollars. The secured claim owed to the Movant under the Deed of Trust is in the amount of $2,200,000.00 with a second claim on a change order in the amount of $201,800.00. Interest continues to run on both claims.

    2.    That Asheville Savings Bank holds a first Deed of Trust on the main asset of the Estate known as the French Broad Place located in Brevard, North Carolina, with a balance owed in excess of $8,620,618.00, plus interest, costs, and fees

    3.    Upon information and belief, there is a third secured debt against the property held by Ed Burdette Construction Company, Inc. by virtue of a third priority mechanic's/materialmen's lien in the amount of approximately $2,627,000.00, plus interest, costs, and fees.

    4.    Upon information and belief, the valuation placed on the property in the amount of $20,000,000.00 is not accurate and this Movant believes the value to be much less.

    5.    That this Movant is currently obtaining an appraisal of the property and will need additional time to allow the appraiser to finalize the appraisal.

    6.    Upon information and belief, the amounts needed to complete the construction of the French Broad Place far exceed the amount being borrowed by the Debtor and applied to the finalization of construction.

    7.    That allowing the hearing on this matter to go forward on May 19, 2010, without the opportunity of the Creditors to obtain independent opinions of value and the costs of completion, will prejudice the rights of the Creditors in this case.

R&S 759817-1

8. That independent of the real question of the value of the French Broad Place and the amounts needed to complete the project, this Moving has serious concerns as to the very nature of the financing being requested in this case by the Debtor, including but not limited to, the following:

a) The funding commitment is only for a one (1) year period of time; without a continued long term funding commitment, the Debtor will likely not have enough funds to finish the project and the Creditors will be severely prejudiced by a compromise of their debts should a lien be allowed ahead of theirs without an adequate funding commitment in place to finalize the project.

b) Only the amount of $1,316,000.00 – only 43% of the entire loan -- is designated to actually funding the construction of the project to a final phase; this funding is completely inadequate to finalize the structure as it now stands.

c) An amount of $452,500.00 of the loan proceeds will be paid to "Property Operations" which, upon information and belief, is dedicated primarily to the salaries of the principals and advertisement.

d) An amount of $350,000.00 of the loan proceeds will be used to reduce accounts payable; to the extent that payment of some subcontractors over others currently owed money is contemplated, prejudicial and unjust payments will be made to some unsecured creditors over others. At best, there is no real explanation as to what debts are being paid and which debts are not being paid pursuant to this lime item.

e) An amount of $48,775.00 of the proceeds of the loan will be used as HOA reserves; there is no real explanation as to the purpose or reason for this reservation.

f) The total amount of $225,935.00 of the loan proceeds are dedicated to the closing costs and fees associated with the loan; the amount of these fees combined equal 7.4% of the loan itself and appear to be excessive.

9. The Creditors do not have adequate information on the face of the loan to determine the adequacy of the loan and what information is available, does not lend great credence to the ability of the funding to solve the Debtor's problems relative to the finalization of the project.

10. The terms of the loan prevent the Creditors from seeking the appointment of a Chapter 11 Trustee in the proceeding and/or seek further funding should this one-year commitment not fund the project. These terms unduly prejudice the rights of the Creditors who will be impaired by this funding.

11. That the default terms under the loan unduly prejudice the rights of the Debtor and the Secured Creditors of the Estate whose claims are being impaired.

12. That the repayment terms relative to Release Deeds have no consideration for what would end up being junior Secured Creditors and therefore, are very prejudicial to the rights of the current Secured Creditors whose rights and security is being impaired.

R&S 759817-1

   13. It would appear that if the value of the property was really close to $20,000,000.00, the Debtor would be able to secure financing with far better terms than those set forth in the Loan Commitment attached to the Debtor's Motion.

   14. That allowing the funding as set forth by the Debtor in the Motion will only allow the Debtor to partially finalize the project, incur more debt against the project, and severely impair and prejudice the current Secured Creditor's positions with the distinct possibility of rendering the second and third mortgages as unsecured as to any value existing in the property.

   **WHEREFORE** the undersigned respectfully requests the Court continue the hearing schedule the hearing on the Motion for Order to Obtain Credit to June 22, 2010 at 9:30 a.m. or as soon thereafter as the Court's schedule will allow.

   This the 17th day of May, 2010.

                **ROBERTS & STEVENS, P.A.**

                _/s/_____
                MARJORIE R. MANN
                Attorney for Metromont Corporation
                P. O. Box 7647
                Asheville, NC 28802
                (828) 252-6600
                State Bar No. 13202

CERTIFICATE OF SERVICE

I hereby certify that the foregoing Response and Objection to Motion for Order to Obtain Credit was served upon the following by mailing a copy of the same by first-class postage prepaid mail addressed as follows:

Matrix Mailing.

This the 17th day of May, 2010.

                                                               /s/_____
                                                            Marjorie R. Mann