# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 10-10335 |
| | ) | |
| **FRENCH BROAD PLACE, LLC** | ) | Chapter: 11 |
| | ) | |
| Debtor(s). | ) | |

## OBJECTION TO CONFIRMATION OF PLAN OF REORGANIZATION

The undersigned, Office of the United States Bankruptcy Administrator for the Western District of North Carolina, objects to the Debtor's Plan of Reorganization ("Plan") and says:

1. This is a Chapter 11 proceeding in which a voluntary petition was filed on March 25, 2010.

2. Class 1.    Administrative Claims:    The Plan provides for Administrative Claims, not anticipated to exceed $30,000.00, to be paid on the Effective Date. The Plan does not provide information on how this amount was determined or how the claims will be paid.

3. Class 3.    Impaired Secured Claim of Asheville Saving Bank

    a. The current amount of the claim is not provided, as the Disclosure Statement lists the amount of the claim to be $8,620,618.94, as of April 16, 2010.

    b. The monthly payment amount is not provided, as the Plan provides that it will be paid interest monthly, as billed.

4. Class 4.    Impaired Secured Claim of Metromont Corporation

    a. The current amount of the claim is not provided, as the Disclosure Statement lists the amount of the claim to be $2,765,234.64 as of August 6, 2010.

5. Class 5.    Impaired Secured Claim of Ed Burdette Construction, Inc.

    a. The Disclosure Statement states that "Ed Burdette Construction, Inc. holds a Materialmans/Mechanics Lien in the amount of $2,627,773.00. Ed Burdette is a principal in Ed Burdette Construction, Inc. and also a member of French Broad Place, LLC."

    b. The Plan provides that the claim "will be paid as a general unsecured claim, on a pro rata basis with other allowed unsecured claims.   Ed Burdette Construction, Inc. will release its Materialmans/Mecanics Liens."

    c. No information has been provided as to whether an independent review of this claim, its amount and its validity has been performed despite a request to do so by the undersigned in an e-mail dated December 14, 2010, a copy of which is attached as Exhibit 1, with the pertinent part bolded.

    d. No documentation to support the claim has been provided.

        i. Ed Burdette Construction, Inc. did not file a proof of claim.

        ii. The only information concerning the claim is on the Debtor's Schedule D, where it is described as a third mortgage.

    e. To the extent that this is a valid claim, it should not be paid on a pro rata basis with the other allowed general unsecured claims but should be in a separate class to be paid only after general unsecured claims are paid in full.

6. Class 7.   Impaired General Unsecured Claims

    a. The Plan provides for these claims to be paid in full over a period of three years.   It also provides that the claims will receive no payments until the DIP loan, Asheville Savings Bank and Metromont Corporation (other than the $265,000.00 that was authorized after the closing of the DIP loan to pay critical vendors) are paid in full.

    b. The proposed treatment of general unsecured claims is unfair and inequitable.

        i. It cannot be determined when payments to unsecured creditors will begin.

        ii. Based on the claim amounts listed in the Disclosure Statement, a minimum of $14,347,284.58 must be paid the secured creditors before unsecured claims will begin receiving payments.

        iii. When payments do begin, unsecured creditors are to receive only 50% of net sales proceeds ("NSP") while Asheville Savings Bank and Metromont Corporation are to receive 100% of future NSP.

    iv. Unsecured claims are being paid no interest.

    v. As stated above, general unsecured claims should not be required to be paid on a pro rata basis with the claim of Ed Burdette Construction, Inc. General unsecured claims should be in a separate class, and Ed Burdette Construction, Inc. should only be paid after general unsecured claims are paid in full.

    vi. It appears unlikely that general unsecured claims can be paid in full over a period of three years.

7. <u>Class 8.   Executory Contracts</u>

   a. The Plan does not provide a deadline for accepting or rejecting executory contracts.

8. <u>Management and Ownership</u>

   a. The Plan provides for the owners to retain their ownership interests.

   b. The Plan may violate the absolute priority rule of 11 U.S.C. § 1129(b)(2)(B) in that it is unlikely that unsecured claims will be paid in full or with interest.

9. <u>Feasibility</u>

   a. The Plan is not feasible in violation of 11 U.S.C. § 1129(a)(11).

   b. The Disclosure Statement states that a projection of the Debtor's gross receipts for 2011 is attached; however, no projection was attached to the documents received by the undersigned.

   c. The Plan provides for creditors to be paid from the sale of units; however, such proposed sales are merely speculative.

   d. The February 2011 monthly status report (docket entry number 109) does not show sufficient monthly income to fund the plan.

      i. Beginning cash was $15,167.88.

      ii. Receipts were $15,278.54.

      iii. Disbursements were $22,027.04.

      iv. Ending cash was $8,419.38.

Wherefore, the undersigned requests the Court to deny confirmation of the Debtor's Plan of Reorganization and for such other and further relief as the Court deems just and proper.

This the 11th day of April, 2011.

/s/Alexandria P. Kenny
Alexandria P. Kenny
Staff Attorney
United States Bankruptcy Administrator
402 W. Trade Street, Suite 200
Charlotte, NC 28202-1669
N.C. Bar #24352
Telephone: (704)-350-7587
Fax: (704)-344-6666
E-mail: alexandria_a_kenny@ncwba.uscourts.gov

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 10-10335 |
| | ) | |
| **FRENCH BROAD PLACE, LLC** | ) | Chapter: 11 |
| | ) | |
| | ) | |
| **Debtor(s)** | ) | |

## CERTIFICATE OF SERVICE

The undersigned certifies that the pleading(s) or paper(s) to which this Certificate is affixed was served upon the party(s) to this action listed below by depositing a copy of the same, enclosed in a first-class postpaid, properly addressed wrapper, in a Post Office or official depository under the exclusive care and custody of the United States Postal Service and/or by means of the Electronic Filing System of the Bankruptcy Court on April 11, 2011.

French Broad Place, LLC
29 West French Broad Street
Suite 206
Brevard, NC 28712

Edward C. Hay, Jr.
Pitts, Hay & Hugenschmidt, P.A.
137 Biltmore Avenue
Asheville, NC 28801

/s/Alexandria P. Kenny
Alexandria P. Kenny
Staff Attorney
United States Bankruptcy Administrator
402 W. Trade Street, Suite 200
Charlotte, NC 28202-1669
N.C. Bar #24352
Telephone: (704)-350-7587
Fax: (704)-344-6666
Email: alexandria_a_kenny@ncwba.uscourts.gov

# EXHIBIT 1



**French Broad Place disclosure statement**

Alexandria A Kenny    to: Edward C. Hay      12/14/2010 01:20 PM

Cc: Linda Simpson, Armistead M. Long, Mark Pinkston, Thomas K. McClennan

---

Edward,

I reviewed the docket in the case following last week's hearing to try to determine how I missed the First Amended Disclosure Statement you filed. The docket entry is below, but it was docketed as a certificate of service, not an amended document, which is why I had not seen it. In the future, please insure that documents are properly docketed.

11/09/2010 77 Certificate of Service of Amended Disclosure Statement and Order (RE: related document(s) 62 Chapter 11 Disclosure Statement filed by Debtor French Broad Place LLC, 71 Order/Notice of Hearing on Disclosure) filed by Edward C. Hay Jr. on behalf of French Broad Place LLC. (Hay, Edward) Modified on 11/10/2010 (rms). SEE NOTICE OF DEFECTIVE FILING 78 . (Entered: 11/09/2010)

After reviewing the First Amended Disclosure Statement, it appears as if the only objections my office raised that were addressed were that net sales proceeds were defined. **Although the amended disclosure statement provides that Ed Burdette Construction, Inc. will be paid as a general unsecured claim, an independent review of the claim, its amount and its validity should be performed if one has not been already.** Additionally, the claim should be subordinated to other unsecured creditors since it is controlled by an insider of the debtor.

Based on the information contained in the disclosure statement, it is not possible to determine if the debtor's plan is feasible. The plan does not include a payment schedule, and as a result, it is not possible to determine when payments to the different classes of creditors will begin or end.  The plan appears to propose that the debtor will retain amounts from net sales proceeds varying between 15% and 50% to cover its expenses during the course of the plan; however, since no projections for expenses have been provided, I cannot ascertain if these amounts are sufficient to pay the debtor's expenses or whether the amounts the debtor will retain are appropriate. Additionally, the price/forecast sales sheet lists sales for 2010 with a total cash flow of $17,828,163. Please provide sales information for all sales made in 2010, including the date of the closing, the unit description, the gross sales price, payments to secured creditors from the sale, other closing costs, and the net sales proceeds.  In lieu of summarizing this information, you may provide the settlement statements.   There are also leases with options to purchase with exercise dates after 2 or 3 years, but no information is provided on the deadline to exercise the options, etc. Please provide copies of the documents for the leases with options to purchase.   "IC" is listed for some units, but there is nothing to indicate what that represents.

Also, please provide the following:

    The debtor's projected expenses.

    The projected plan payments to classes 1 through 4 and the dates these payments will be made.

    The total draws the debtor expects to take from the DIP loan.

Thank you.

Alex