IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 10-10335 |
| | ) | |
| FRENCH BROAD PLACE, LLC, | ) | |
| Debtor(s). | ) | Chapter 11 |
| | ) | |

RESPONSE TO OBJECTION TO PLAN OF REORGANIZATION
FILED BY SMOKEY MOUNTAIN MATERIALS, INC.

Now comes Asheville Savings Bank, S.S.B. (the "Bank"), a secured creditor in the above captioned Chapter 11 proceeding, responding to the Objection to Plan of Reorganization filed in the proceeding by Smokey Mountain Material, Inc. ("Smokey Mountain"), who alleges and says as follows:

1.  The Bank is a secured creditor in the proceeding by virtue of deed of trust from Debtor to Wenoca, Inc., Trustee for Bank dated August 8, 2008 securing an indebtedness of the Debtor in the amount of $7,750,000.00 recorded in the Office of the Register of Deeds for Transylvania County, North Carolina in Book 468 at Page 792 (the "ASB Deed of Trust"), as modified by that Modification of Deed of Trust executed by Debtor and Bank dated January 23, 2009 recorded in said Register's Office in Book 484 at Page 178 increasing the amount of the debt of Debtor secured by the ASB Deed of Trust from $7,750,000.00 to $8,475,801.00.

2.  Smokey Mountain's Objection to Debtor's Plan of Reorganization is based upon its claimed status as a secured creditor in this proceeding, whose interest in the Debtor's real property known as French Broad Place is superior to that of the Bank and Metromont Corporation.

3.  The Bank disputes that Smokey Mountain is a secured creditor in this proceeding. At the present time, Smokey Mountain is at best an unsecured creditor which has filed a subrogation Claim of Lien upon the Debtor's real property known as French Broad Place. Upon information and belief, no judgment has yet been rendered awarding Smokey Mountain a judgment in any amount for work performed or materials provided to the French Broad Place construction project or confirming the existence and relation back of any lien rights in the French Broad Place real property in favor of Smokey Mountain.

4.  In regard to the priority of the lien rights of Smokey Mountain, if any, the Bank obtained, at the time of the making of the original loan by Bank to Debtor in the amount of $7,750,000.00 in August of 2008, and again when the loan and the deed of trust securing the loan were modified to increase the amount of the loan secured by the deed of trust to $8,475,801.00, (i) a subordination agreement executed by the general contractor on the French Broad Place project, Ed Burdette Construction, LLC

("Burdette Construction"), dated July 17, 2008, copy of which is attached hereto as Exhibit A, subordinating any and all lien rights that the General Contractor, Burdette Construction, may, at any time, have in the real property known as French Broad Place to the lien of the Deed of Trust in favor of the Bank and (ii) that Contractor's Continuing Subordination and Updated Lien Certificate executed by Burdette Construction dated January 23, 2009, copy of which is attached hereto as Exhibit B, acknowledging the increase in the amount of the loan secured by the Deed of Trust from $7,750,000.00 to $8,475,801.00 and further providing that the lien rights of Burdette Construction in the real property known as French Broad Place shall be subordinate to the lien of the Deed of Trust in favor of Bank, as modified to secure the sum of $8,475,801.00.

WHEREFORE, Bank respectfully prays the Court for the following relief:

1. That the Objection to Confirmation filed by Smokey Mountain be dismissed.

2. That the Plan proposed by the Debtor be confirmed.

3. That, in the alternative, if it is determined that Smokey Mountain is the holder of any lien rights in the Debtor's real property known as French Broad Place, the court order that such lien rights, and any claim of Smokey Mountain in this proceeding, are subordinate to the claim and lien of the deed of trust securing the DIP loan and the Deed of Trust in favor of the Bank.

4. For such other and further relief to which the Bank may be entitled which the court shall deem just and proper.

This the 3rd day of May, 2011.

SHUFORD, CAGLE & McCLELLAN, P.A.

By: _____
Thomas K. McClellan
Shuford, Cagle & McClellan, P.A.
Attorneys for Asheville Savings Bank, S.S.B.
State Bar No.: 8877
Post Office Box 1530
Asheville, North Carolina 28802
(828) 258-2211

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| In Re: ) | | Case No. 10-10335 |
| FRENCH BROAD PLACE, LLC, ) | | |
| Debtors. ) | | Chapter 11 |
| _____ ) | | |

CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served the foregoing RESPONSE TO OBJECTION TO PLAN OF REORGANIZATION FILED BY SMOKEY MOUNTAIN MATERIALS, INC. in the above entitled action upon all other parties to this cause by depositing a copy thereof in a postpaid wrapper in a post office or official depository under the exclusive care and custody of the United State Postal Service, addressed as follows and/or by *electronic means:

*Mr. Edward C. Hay, Jr.
Pitts, Hay & Hugenschmidt, PA
137 Biltmore Avenue
Asheville, NC 28801
(Hard copy by US Mail)

*Linda Simpson
Bankruptcy Administrator
402 West Trade Street
Suite 200
Charlotte, NC 28202

*Mr. Chad J. Cochran
Vann & Sheridan, LLP
PO Box 2445
Raleigh, NC 27602-2445

This the 3rd day of May, 2011.

Thomas K. McClellan
Shuford, Cagle & McClellan, P.A.
Attorneys for Asheville Savings Bank, S.S.B.
State Bar No.: 8877
Post Office Box 1530
Asheville, North Carolina 28802
(828) 258-2211