UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 10-10335 |
| | ) | |
| **FRENCH BROAD PLACE, LLC** | ) | Chapter: 11 |
| | ) | |
| Debtor(s). | ) | |

## MOTION AND BRIEF IN SUPPORT OF PAYMENT OF
## QUARTERLY FEES PURSUANT TO 11 U.S.C. § 1930(a)(6)

The Office of the Bankruptcy Administrator for the Western District of North Carolina ("Bankruptcy Administrator") moves the Court to require the Debtor to pay all quarterly fees due and owing as required by 28 U.S.C. § 1930(a)(6) for all disbursements made from any source during the pendency of its Chapter 11 case, and says:

1. This is a Chapter 11 proceeding in which a voluntary petition was filed on March 25, 2010.

2. On April 1, 2010, an Operating Order was entered in this case, docket entry number 8, which is incorporated herein by reference. That Order provided, in part, that the Debtor pay quarterly fees.

3. On August 6, 2010, an *Order Granting Motion to Incur Debt and Obtain New Credit* was entered, docket entry number 52, which is incorporated herein by reference. The Order authorized the Debtor to borrow up to $2,961,431.00 (the "DIP Loan").

4. Payment of quarterly fees is required pursuant to 28 U.S.C. § 1930(a)(6) that provides in part that, "[i]n addition to the filing fee paid to the clerk, a quarterly fee shall be paid to the United States trustee, for deposit in the Treasury, in each case under chapter 11 of title 11 for each quarter (including any fraction thereof) until the case is converted or dismissed, whichever occurs first." The quarterly fees due are determined by the amount of the disbursements made by or on behalf of the Debtor in each quarter.

5. Payment of outstanding quarterly fees due is a requirement of confirmation of a Chapter 11 Plan pursuant to 11 U.S.C. § 1129(a)(12) that provides, "[a]ll fees payable under section 1930 of title 28, as determined by the court at the hearing on confirmation of the plan, have been paid or the plan provides for the payment of all such fees on the effective date of the plan."

6. On June 29 2011, the Bankruptcy Administrator filed a *Notice of Quarterly*

*Fees Due*, docket entry number 138, which is incorporated herein by reference, that shows that the Debtor owes $13,325.00 in quarterly fees through the first quarter of 2011. Quarterly fees for the quarter ending June 30, 2011 are accruing[1], and third quarter fees for 2011 will begin to accrue July 1, 2011.

6. Upon information and belief, the Debtor alleges that it should not be required to pay quarterly fees from disbursements made from the proceeds of the DIP Loan.

7. Although 28 U.S.C. § 1930(a)(6) does not define disbursements, courts have broadly defined the term. In re Huff, 270 B.R. 649 (Bankr. W.D. Va. 2001) held that disbursements included "all payments made by a Chapter 11 debtor, from whatever source and to whomever paid." The United States Court of Appeals for the Eleventh Circuit has held "that a proper statutory interpretation of amended § 1930(a)(6) is that Congress intended to impose a tax upon all…disbursements…from whatever source, including ordinary operating expenses." Walton v. Jamko, Inc. (In re Jamko, Inc.), 240 F.3d 1312, 1313 (11th Cir. 2001). All disbursements, whether made directly or through a third party, are included in the calculation. In re Central Copters, 226 B.R. 447 (Bankr. D. Mont. 1998). In re Trawler Richard Heath, Case No. 03-08714-8-JRL, slip op. at 2 (Bankr. E.D.N.C. Dec. 11, 2003).

8. The controlling factor in calculating quarterly fees due is whether a disbursement has been made, not the source of the disbursement. A plain language reading of 28 U.S.C. § 1930(a)(6) shows that Congress clearly intended disbursements to include all payments from the bankruptcy estate. As the Supreme Court noted in Perrin v. United States, 444 U.S. 37, 42, 62 L. Ed. 2d 199, 100 S. Ct. 311 (1979), "[a] fundamental canon of statutory construction is that . . . words will be interpreted as taking their ordinary, contemporary, common meaning." According to Dictionary.com, the definition of disburse is "to pay out (money), especially for expenses; expend."

9. If any ambiguity exists in 28 U.S.C. § 1930(a)(6), the Court should construe the statute in a light most favorable to finding a disbursement has occurred. "The § 1930(a)(6) fees are . . . a revenue generating mechanism to fund the U.S. Trustee program." In re N. Hess' Sons, Inc., 218 B.R. 354, 360 (Bankr. D. Md., at Baltimore, 1998). As a revenue generating mechanism, the UST fees are akin to a tax. Id. Tax laws are to be construed in a light most favorable to the taxing authority as a matter of

---

1 It is not possible to determine the amount of quarterly fees due for the second quarter of 2011, as the May and June, 2011 monthly status reports have not been filed as of the filing of this Motion and Brief. If the Debtor's disbursements for the second quarter of 2011 are similar to disbursements made in prior quarters, the Debtor will likely owe $4,875.00 for the second quarter of 2011.

        public policy.  See, e.g., Bob Jones Univ. v. United States, 461 U.S. 574, 595, 76 L. Ed. 2d 157, 103 S. Ct. 2017 (1983)(recognizing "the primary authority of the IRS and its predecessors in construing the Internal Revenue Code.").  In re Cash Cow Servs. of Fla. L.L.C., 249 B.R. 33, 37 (Bankr. N.D. Fla. 2000) aff'd Cash Cow Servs. of Fla. LLC v. United States Trustee (In re Cash Cow Servs. of Fla. LLC), 296 F.3d 1261 (11th Cir. Fla. 2002).

10. Judge J. Craig Whitley held in In re Owens (10-50353, W.D.N.C., page 6 of the Order entered on May 19, 2011) that, "[t]he Quarterly Fee liability is a payment that the court must direct. Chapter 11 fees occupy a priority at least equal to that of administrative expense claims, two of which are to be paid under this Order. Further, they are in effect 'a price of admission' for using the Chapter 11 process."

Wherefore, the undersigned moves the Court to require the Debtor pay quarterly fees pursuant to 28 U.S.C. § 1930(a)(6) on all disbursements made by or on behalf of the Debtor from whatever source, that the Debtor be required to pay all quarterly fees due on or before the Effective Date of its plan as required by 11 U.S.C. 1129(a)(12) and for such other and further relief as the Court deems just and proper.

This the 30th day of June, 2011.

        /s/Alexandria P. Kenny
        Alexandria P. Kenny
        Staff Attorney
        United States Bankruptcy Administrator
        402 W. Trade Street, Suite 200
        Charlotte, NC 28202-1669
        N.C. Bar #24352
        Telephone: (704)-350-7587
        Fax: (704)-344-6666
        E-mail: alexandria_p_kenny@ncwba.uscourts.gov

# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 10-10335 |
| | ) | |
| **FRENCH BROAD PLACE, LLC** | ) | Chapter: 11 |
| | ) | |
| | ) | |
| **Debtor(s)** | ) | |

## CERTIFICATE OF SERVICE

     The undersigned certifies that the pleading(s) or paper(s) to which this Certificate is affixed was served upon the party(s) to this action listed below by depositing a copy of the same, enclosed in a first-class postpaid, properly addressed wrapper, in a Post Office or official depository under the exclusive care and custody of the United States Postal Service and/or by means of the Electronic Filing System of the Bankruptcy Court on June 30, 2011.

French Broad Place, LLC
29 West French Broad Street
Suite 206
Brevard, NC 28712

Edward C. Hay, Jr.
Pitts, Hay & Hugenschmidt, P.A.
137 Biltmore Avenue
Asheville, NC 28801

          /s/Alexandria P. Kenny
          Alexandria P. Kenny
          Staff Attorney
          United States Bankruptcy Administrator
          402 W. Trade Street, Suite 200
          Charlotte, NC 28202-1669
          N.C. Bar #24352
          Telephone: (704)-350-7587
          Fax: (704)-344-6666
          Email: alexandria_p_kenny@ncwba.uscourts.gov